UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv-01046 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| SONYA TROUTT and | ) | |
| SONNY WEATHERFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

The plaintiff, Jason Fitzgerald, an inmate at the Sumner County Jail in Gallatin, Tennessee, brings this *pro se, in forma pauperis* action against Sonya Troutt and Sonny Weatherford purporting to assert claims for civil rights violations under 42 U.S.C. § 1983. (Docket No. 1). His complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.  FACTUAL ALLEGATIONS**

The complaint alleges that, while incarcerated at the Sumner County Jail, the plaintiff was attacked by another inmate and was not permitted to press charges against him. Next, the complaint alleges that someone is opening and reading the plaintiff's outgoing legal mail. The complaint also alleges that inmates at the Sumner County Jail are not permitted to telephone their attorneys and lack access to a law library. Finally, the complaint alleges that the jail's "gatepass" procedure restricts inmates' ability to use the restroom. (Docket No. 1 at p. 5 & Attachs.).

**II.  STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint

1

filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)

2

(citation omitted).

## III. ANALYSIS

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, the complaint identifies Sonya Troutt and Sonny Weatherford as defendants in their official capacities only. (Docket No. 1 at p. 4). Sonya Troutt is the Sumner County Jail Administrator and Sonny Weatherford is the Sheriff of Sumner County. When a defendant is sued in his official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Thus, the plaintiff's official capacity claims against Troutt and Weatherford are claims against the entity for which those defendants are agents– Sumner County, Tennessee.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent. *Monell*, 436 U.S. 658, 690-691. In short, for Sumner County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

As to his claims pertaining to pressing charges against another inmate and his outgoing mail

3

being opened and read, the plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Sumner County. Consequently, those claims against defendants Troutt and Weatherford in their official capacities will be dismissed.

As to the plaintiff's other claims, "[t]he First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99–3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985)). To state a claim for denial of access to the courts, the plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir.1999).

Although the complaint alleges that the plaintiff does not have access to the law materials he wishes in the manner in which he wishes, the complaint does not allege that he suffered any actual injury due to the conditions he describes in his complaint. With regard to his desire to use the telephone, he does not allege that he is unable to contact his attorney at all or that his attorney is unable to call, mail, or visit him. Indeed, the grievances attached to the plaintiff's complaint indicate that, when the plaintiff wished to speak to his attorney and his attorney would not accept calls from the plaintiff's pod, someone at the jail (identified as "m33rs" and signed as Sgt. Searcy) called the plaintiff's attorney, who "advised that he is in court all day but will try to get down here this afternoon or in the morning to see you." *See Rivers v. Woosley,* 2012 WL 4343752, at *3 (W.D. Ky. Sept. 21, 2012)(citing *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although

4

prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *Ingalls v. Florio*, 968 F. Supp. 193, 204 (D.N.J. 1997) ("[L]imited access to telephone calls, however, is not a constitutional violation so long as inmates can communicate with their counsel in writing or in person by visits.")). Thus, the court finds that the complaint fails to state a claim for denial of access to the courts, and those claims will be dismissed.

As to the plaintiff's claim about the jail's "gateway pass" policy, the restriction of bathroom privileges as described by the plaintiff does not implicate the Due Process Clause since it does not constitute an atypical and significant hardship. *See Nali v. Caruso,* 2008 WL 5448085, at *5 (E.D. Mich. Dec. 31, 2008)(citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Simpson v. Overton*, 2003 WL 22435653 (6th Cir. 2003)(restriction on bathroom access did not violate defendant's Eighth Amendment rights by being deliberately indifferent to his serious medical needs)). The plaintiff here has not alleged a serious medical need. Moreover, the plaintiff is allowed to ask the guards for a pass when he needs to use the restroom. The court finds that no actionable claim exists on this ground.

## IV. CONCLUSION

For these reasons, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. Consequently, this action will be dismissed.

An appropriate order shall follow.

_____
Aleta A. Trauger
United States District Judge