UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-cv-01046 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| SONYA TROUTT and | ) | |
| SONNY WEATHERFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and O R D E R

Pending before the court is a motion to amend the complaint (Docket No. 6) filed by plaintiff Jason Fitzgerald, an inmate at the Sumner County Jail in Gallatin, Tennessee. On April 23, 2014, the plaintiff, acting *pro se*, filed an action under 42 U.S.C. § 1983 against Sonya Troutt and Sonny Weatherford, alleging violations of the plaintiff's civil rights during the plaintiff's incarceration. (Docket No. 1). The plaintiff filed an application to proceed *in forma pauperis*. (Docket No. 2).

On May 23, 2014, the court issued an order and memorandum (Docket Nos. 3 and 4) granting the plaintiff's application to proceed *in forma pauperis* but dismissing the complaint for failure to state claims upon which relief can be granted. Final judgment was entered, and the case was closed on May 23, 2014. (Docket No. 5). Later on the same day, the plaintiff filed a motion to amend his complaint (Docket No. 6).

The court will entertain the motion to amend pursuant to the Sixth Circuit Court of Appeal's decision in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013)(a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the Prison Litigation

1

Reform Act's screening requirements for prisoner and *in forma pauperis* suits).

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir.2005) (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres*., 632 F.2d 21, 23 (6th Cir.1980)).

In his proposed amendments to the complaint, the plaintiff alleges that, on May 17, 2014, the plaintiff "was verbally assaulted and threatened by a C/O that works for the Sumner Co. Jail." (Docket No. 6 at p. 1). The plaintiff alleges that the correctional officer "charged" the plaintiff or "approached very aggressively" after the plaintiff filed a written complaint about the officer. (Id. at p. 2). According to the plaintiff, he was placed on "AgSeg", presumably some type of segregation, "without being allowed to receive a hearing before the D-board." (*Id.* at p. 2). The plaintiff was told that there was no video footage of the incidents about which he complains. (*Id*.)

The court finds that the plaintiff should not be allowed to amend his complaint because the proposed new claims would be futile. That is to say, the claims would not survive a motion to dismiss by the defendants.

Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance

procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, any proposed claim by the plaintiff that a defendant failed to respond to the plaintiff's grievances about the May 17, 2014 incident do not state a claim under the First Amendment.

With regard to the plaintiff's allegations of verbal threats by the unnamed correctional officer, such threats standing alone are generally inadequate to state a constitutional claim. *See Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355, 1360-61 (D.C. Cir. 1998); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Ivey*, 832 F.2d 950, 954-55. Although threats could violate an inmate's constitutional rights if the resulting harm were sufficiently severe, *see Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), the plaintiff's allegations in the proposed new claims fall well short of the categories of verbal threat that courts have heretofore recognized as potentially violative of an inmate's constitutional rights, *i.e.*, threats of serious physical injury. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997)(no cognizable claim under § 1983 absent allegations of physical harm or "the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment"; *Northington v. Jackson*, 973 F.2d 1518, 1522 (10th Cir. 1992)(cognizable claim under § 1983 where parole officer held gun to prisoner's head while threatening to kill him); *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir.

3

1978)(cognizable claim under § 1983 where a prison guard threatened to have prisoner killed if he persisted in his lawsuit against him). Because the plaintiff does not allege that any new or former defendant threatened him with serious physical injury, the alleged conduct falls in the category of petty harassment which does not rise to the level of a constitutional violation. *See e.g., Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir. 1987). Additionally, verbal abuse of the nature described does not rise to the level of a constitutional violation. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir.1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. The plaintiff asserts that he was placed in "AgSeg", which the plaintiff describes as a type of lockdown or segregation, but he has failed to plead the sort of conditions that give rise to a violation of the Eighth Amendment.

For a prisoner to establish a due process violation concerning placement in administrative

4

segregation, he must show that he suffered restraint which imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The plaintiff here has not alleged that he suffered any deprivation of liberty other than confinement in "AgSeg." Moreover, a plaintiff has no constitutional right to be returned to the general population at the prison. *See McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir.2003) (citations omitted). The plaintiff's allegations do not rise to the level of a constitutional violation, and therefore fail to state a claim under 42 U.S.C. § 1983. *See Mullins v. Smith*, 14 F. Supp.2d 1009, 1012 (E.D. Mich.1998).

Because plaintiff Fitzgerald's proposed new claims would be futile, the plaintiff is not entitled to amend his complaint as requested. The plaintiff's motion to amend (Docket No. 6) is therefore **DENIED**. This case remains closed.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge

5